# JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

|   |   |
|---|---|
| ASHOT AGDAYAN, | Case No.: SACV 17-01503-CJC(JDEx) |
| Plaintiff, | **ORDER REMANDING CASE TO STATE COURT** |
| v. | |
| TRAVELERS COMMERCIAL INSURANCE COMPANY AND DOES 1-100, INCLUSIVE, | |
| Defendants. | |

**I.  INTRODUCTION**

On July 28, 2017, Plaintiff Ashot Agdayan filed this action in state court against Defendant Travelers Commercial Insurance Company ("Travelers") and Does 1-100, inclusive, for tortuous breach of insurance contract. (Dkt. 1 Ex. 1 [Complaint, hereinafter

"Compl."].) On August 31, 2017, Travelers removed the action to this Court, invoking diversity jurisdiction. (Dkt. 1 [Notice of Removal].) On September 28, 2017, the Court ordered the parties to show cause why the case should not be remanded for lack of subject matter jurisdiction. (Dkt. 12.) Travelers and Plaintiff have filed responses to the Court's order to show cause. (Dkt. 13 [Travelers' Response, hereinafter "Def.'s Resp."]; Dkt. 14 [Plaintiff's Response, hereinafter "Pl.'s Resp."].) For the following reasons, the case is REMANDED to Orange County Superior Court.

**II. BACKGROUND**

Plaintiff alleges that he purchased a homeowner's insurance policy from Travelers for his home located at 2904 Paper Lane, Newport Beach, California. (Compl. ¶ 1.) This insurance policy was in effect from August 1, 2015, to August 1, 2016. (*Id.* ¶ 6.) On August 8, 2015, "Plaintiff suffered a massive and sudden water leak which ruined most of his kitchen, and constituted a loss covered by" Travelers. (*Id.* ¶ 7.)

Plaintiff claims that Travelers retained a contractor to repair his damaged kitchen cabinets. (*Id.* ¶ 10.) Travelers allegedly refused to allow the contractor to remove the granite counter tops that were on top of the cabinets and, as a result, the granite counter tops broke when the cabinets were being replaced. (*Id.* ¶¶ 10–11.) Plaintiff alleges that Travelers has refused to pay him the $7,125 that it cost to replace the counter tops. (*Id.* ¶ 12.) Plaintiff further alleges that as a result of Travelers' conduct, he "has or will incur incidental expenses of at least $10,000." (*Id.* ¶ 15.) The Complaint's prayer for relief does not specify any amount in damages, but lists special damages, general damages, attorneys' fees, exemplary damages, interest, costs of suit, and "such other and further relief as the court deems just and proper." (*Id.* at 4.)

Travelers admits that Plaintiff does not plead in his complaint any specific damages beyond the $7,125 to repair the counter tops and the $10,000 in incidental damages. (Def.'s Resp. at 2.) Yet, Travelers asserts that the $75,000 amount in controversy for diversity jurisdiction is satisfied because Plaintiff served on Defendants a "Statement of Damages," that seeks $15,000 in property damages, $75,000 in emotional distress damages, and $500,000 in punitive damages. (*Id*.) Under California law, a "Statement of Damages" is a form that a plaintiff in a personal injury or wrongful death action must serve on the defendant upon request. Cal. Civ. Proc. Code § 425.11(b). The form "set[s] forth the nature and amount of damages being sought." *Id*. A "Statement of Damages" is not required in an insurance dispute, but Plaintiff nevertheless served one on Defendant in this case.

Plaintiff argues that the amount in controversy requirement has not been met. He claims that when he filed this action in July 2017, "he was under the impression that it would cost in excess of $25,000.00 to install new, granite counters." (Pl.'s Resp. at 1.) He claims that "it has since turned out that it only cost $9,740.00 to replace the counters." (*Id*. at 2.) It is unclear why Plaintiff now represents that it cost $9,740 to replace his counter tops when he alleges in his Complaint that it cost $7,125 to repair the counter tops. In any event, Plaintiff states that "this case has evolved into more of a garden variety poor workmanship case that it not [sic] likely to result in an award anywhere near $75,000.00." (*Id*. at 2.)

### III. LEGAL STANDARD

A civil action brought in a state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). The burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction.

*Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

A federal court has diversity jurisdiction over a civil action between citizens of different states, so long as the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. If at any time before final judgment, the court determines that it is without subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

When a defendant invokes diversity jurisdiction and "the complaint does not contain any specific amount of damages sought, the [defendant] bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010). "This traditional rule of burden allocation to determine removal jurisdiction comports with the Supreme Court's view that 'the dominant note in the successive enactments of Congress relating to diversity jurisdiction is one of jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business.'" *Id.* at 399 (quotation omitted) (citing *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941)).

**IV. DISCUSSION**

Travelers argues that the amount in controversy exceeds $75,000 because Plaintiff served Travelers with a "Statement of Damages" form, claiming that Plaintiff was seeking "$15,000 in property damage [sic], $75,000 in emotional distress damages, and $500,000 in punitive damages." (Def.'s Resp. at 2.)

In *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227 (N.D. Cal. 2000), the district court found that a plaintiff's "Statement of Damages" is not conclusive to show the amount in controversy has been met. There, plaintiff sued her automobile insurance company after it declined to repair her car that had been damaged in an accident. *Id*. In her "Statement of Damages," plaintiff sought general damages of $210,040 and punitive damages of $1,000,000. *Id*. at 1230. The court held that these amounts were not to be credited for two reasons. First, a "Statement of Damages" is required only in cases involving personal injury or wrongful death, and should be afforded far less weight in an insurance case. *Id*. at 1231 (citing Cal. Civ. Proc. Code § 425.11(b)). Second, the court found no support for the amounts included in the "Statement of Damages" in either the plaintiff's complaint or the defendant's Notice of Removal. *Id*.

The analysis set forth in *Surber* is directly applicable in this case. This case is also a dispute arising under an insurance contract and is clearly not a personal injury or wrongful death case. Further, neither the Complaint nor the Notice of Removal includes any evidence to support the amounts Plaintiff listed in his "Statement of Damages."

At bottom, Plaintiff's Complaint seeks the $7,125 he paid to replace his granite counter tops. The Court is leery of the extreme discrepancy between the $7,125 price tag for the granite counter tops and the $75,000 Plaintiff seeks in emotional distress damages. Travelers provides no evidence that Plaintiff in fact suffered emotional distress or sought treatment for his alleged distress. In fact, Travelers offers no evidence on this issue beyond Plaintiff's "Statement of Damages." Travelers therefore fails to show it is more likely than not that Plaintiff will recover $75,000 in emotional distress damages. Because Travelers has not met its burden of persuasion, Plaintiff's claimed emotional distress damages in his "Statement of Damages" cannot be credited to satisfy the amount in controversy requirement. *Id.* at 1231–32.

The Court is also not persuaded that Plaintiff will recover $500,000 in punitive damages. Travelers seems to admit as much. Travelers states that "the amount alleged in connection with punitive damages should be viewed with scrutiny." (Def.'s Resp. at 2.) Travelers offers no additional argument or evidence regarding the claimed punitive damages, and therefore concedes that $500,000 is not a plausible estimate of punitive damages. Further, nothing in the record suggests that the $500,000 in punitive damages Plaintiff listed in his "Statement of Damages" is "anything but a bold and optimistic prediction." *Surber*, 110 F. Supp. 2d at 1232. This "bold and optimistic" estimate of damages is unsupported, and nothing offered by Defendant, or even Plaintiff, indicates the amount is a good faith claim.

Travelers has failed to meet its burden of establishing that the amount in controversy exceeds $75,000. According to the record, Plaintiff has made a good faith claim of $7,125 in compensatory damages, and approximately $10,000 in incidental damages. "A federal court should not and cannot adjudicate such minor claims." *Christensen v. Nw. Airlines, Inc.*, 633 F.2d 529, 531 (9th Cir. 1980)

## V. CONCLUSION

For the foregoing reasons, the Court hereby REMANDS the case to Orange County Superior Court.

DATED: October 24, 2017

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

-6-